# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM J. COST, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:18-1494 |
| v. | : | (JUDGE MANNION) |
| BOROUGH OF DICKSON CITY, and MICHAEL RANAKOSKI, | : | |
| | : | |
| Defendants | | |

=========================================================

| | | |
|---|---|---|
| WILLIAM J. COST, JR., | : | |
| Plaintiff | : | |
| v. | : | |
| BOROUGH OF DICKSON CITY, MICHAEL RANAKOSKI, and MICHAEL McMORROW | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM[1]

Presently before the court is a motion to strike the defendants' statement of facts, (Doc. 26), filed by the plaintiffs William J. Cost ("Cost, Sr.") and William J. Cost, Jr. ("Cost, Jr."), (collectively, "Plaintiffs").

---

[1] By order dated July 31, 2018, this case was consolidated with *Cost v. Borough of Dickson City, Michael Ranakoski, and Michael McMorrow*, No. 3:18-1510. (Doc. 3).

On February 5, 2019, Plaintiffs filed a motion for partial summary judgment. (Doc. 17). On February 19, 2019, the defendants the Borough of Dickson City, Officer Michael Ranakoski, and Officer Michael McMorrow, (collectively, "Defendants"), filed a motion for summary judgment. (Doc. 24). Defendants filed the required statement of facts, in which they included affidavits of two individuals, Renee Giedieviells and Michael Giedieviells, who witnessed the events that occurred on September 3, 2016, which are the subject of the instant action. (Doc. 25; Doc. 25-1; Doc. 25-2).

On February 20, 2019, Plaintiffs filed a motion to strike the Giedieviells' affidavits on the basis that Defendants failed to disclose their identity under Federal Rule of Civil Procedure 26(a). (Doc. 26). In pertinent part, this rule holds,

> a party must, without awaiting a discovery request, provide to the other parties . . . the name, and if known, the address and telephone number of each individual likely to have discoverable information— along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

Fed.R.Civ.P. 26(a)(1)(A)(i).

For relief, Plaintiffs ask that the court disallow Defendants from relying on the affidavits under Rule 37 by striking them from the record. Plaintiffs rely on *Guang Dong Light Headgear Factory Co. v. ACI Int'l, Inc.*, No. 03-4165-JAR, 2008 WL 53665 (D.Kan. 2007), wherein the District Court for the District of Kansas, without elaboration, granted a motion to strike an affidavit

because defendant was "unable to show that the failure to disclose [the] witness was substantially justified." *Id.* at *1. Here, Plaintiffs ask that this court likewise strike the affidavits because Plaintiffs were prejudiced in that "they never had notice that these individuals had knowledge about the claims and/or defenses" and "[c]onsequently, [they] must fight off evidence that was never disclosed and clearly prejudicial to Plaintiff[s]." (Doc. 27 at 3-4).

In response, Defendants observe that, in their answer to Plaintiffs' first set of interrogatories, they identified a "Renee Getwell," provided her phone number, and indicated that "she called 911 to report [a] possible domestic violence incident at residence of Plaintiffs." (Doc. 32-1, at 2). Defendants note that this information was provided based upon the Dickson City Police Incident Report, which mistakenly identified Renee Giedieviells as "Renee Getwell." (Doc. 32-2, at 4). Moreover, Defendants note that they indicated in the Joint Case Management Plan that officers were "dispatched to the Plaintiff[s'] residence following a neighbor's call to 911 reporting a verbal domestic dispute inside the residence," that "[t]he neighbor who called 911 reported hearing children screaming from inside the residence," and that Plaintiffs indicated their intention to potentially call her as a witness. (Doc. 14, at 3).

Most importantly, however, Defendants observe that during his deposition, Cost, Sr. testified that he knew Ms. Getwell, who lived across the street, and that he testified to various contentious interactions they had in the past. (Doc. 32-4, at 4-5). With regard to the last name issue, Defendants

note that Cost, Sr. stated the following during his testimony regarding his familiarity with a woman named Shannon Giedieviells:

> Q. The next document I've placed in front of you is Exhibit Number 5, and it is an incident report dated April 20, 2016, and it was a complaint made by a Shannon – I can't even pronounce this; I'm just going to – Giedieviells, and I'm just going to spell it for you, G-I-E-D-I-E-V-I-E-L-L-S. Are you familiar with this person?
> A. Yes.
> Q. Who is Shannon Giedieviells?
> A. That's the daughter of the neighbors that are catty-corner to me; that would be that Renee Getwell, which that is the incorrect name, but Getwell, that's her mother.

([Doc. 32-4, at 5](#)). Accordingly, Defendants contend that Plaintiffs were not only aware that Renee Getwell was in fact Renee Giedieviells, but Cost, Sr. himself stated as much during his deposition testimony.

With regard to Mr. Giedieviells, Defendants contend that it was only in preparing their motion for summary judgment that they first contacted Ms. Giedieviells seeking to get an affidavit and discovered for the first time, on February 7, 2019, seven days after the close of discovery, that Mr. Giedieviells also had knowledge of the incident. Once they discovered this, Defendants' counsel represents that he immediately advised Plaintiffs' counsel of the identity of Mr. Giedieviells and indicated that he would called as a witness for trial. Defendants indicate they are amenable to reopening discovery for the limited purpose of allowing Plaintiffs to depose Mr. and Mrs.

Giedieviells, but note that the substance of their expected trial testimony is set forth in detail in their affidavits.

Here, the court declines to strike the affidavits of the Giedieviells for the reasons set forth in Plaintiffs' motion. Under Rule 37(c)(1), "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1).

The Third Circuit has held that courts must consider the following factors before excluding evidence as a sanction for failure to comply with a discovery order: (1) the prejudice or surprise in fact of the party against whom the excluded witness would have testified; (2) the ability of that party to cure the prejudice; (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case; (4) the bad faith or willfulness in failing to comply with the district court's order; and (5) the importance of the excluded testimony. *See Konstantopoulous v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997). "[T]he exclusion of critical evidence is an extreme sanction, not normally to be imposed absent a showing of willful deception or flagrant disregard of a court order by the proponent of the evidence. *Id.* (internal quotation marks omitted).

Here, there was no real surprise to Plaintiffs, since they cannot reasonably argue that they were unaware of Renee Giedieviells's identity, given Cost, Sr.'s testimony about her. To the extent that Mr. Giedieviells's

- 5 -

identity as a witness was a surprise to Plaintiffs, Defendants attempted to cure it immediately by informing Plaintiffs of his identity. Moreover, the disclosure of a witness a mere seven days after the close of discovery has not disrupted trial where no trial date has yet been set in this case, and Plaintiffs have not produced any evidence of bad faith by Defendants. Finally, there can be no doubt that the Giedieviells' testimony is critical to the Defendants' case insofar as they attested to hearing a woman scream for help in Plaintiffs' residence which bears directly on the legality of the police's warrantless entry into Plaintiffs' home. Therefore, the court declines to strike the affidavits for the reasons requested by Plaintiffs in their motion to strike.

Nevertheless, in their responsive statement to Defendants' statement of facts, Plaintiffs deny all facts related to the Giedieviells' affidavits for a different reason—that is, because they are not sworn under penalty of perjury. Plaintiffs' response denies all of those facts, stating that "none of these documents was sworn to under oath under penalty of perjury and none, therefore, is an affidavit." ([Doc. 43, at 1](Doc. 43, at 1)). In support, Plaintiffs cite cases from the Fifth Circuit, the Eastern District of Tennessee, the Eastern District of Illinois, and District of South Dakota.

Although Plaintiffs have failed to cite any binding authority for this proposition, they are nonetheless correct. Recently, in *United States* ex rel. *Doe v. Hearth Solution, PC*, 923 F.3d 308 (3d Cir. 2019), the Third Circuit definitively held that unsworn statements not given under penalty of perjury

cannot be considered on a motion for summary judgment. The court explained,

> A 2010 amendment to the Advisory Committee Notes on Federal Rule 56(c)(4), which governs evidence submitted on summary judgment, states "that while 'a formal affidavit is no longer required' on summary judgment, a certification submitted as a substitute for an affidavit must be subscribed in proper form as true under penalty of perjury." This amendment incorporates a statutory exception to the general rule that affidavits must be sworn to be considered on summary judgment. The statute, 28 U.S.C. §1746, provides that when a matter is required to be supported by a sworn affidavit, the matter can instead be supported by an unsworn "declaration, certificate, verification, or statement," as long as the statement is made under penalty of perjury and dated. Thus, while an unsworn statement may be considered on summary judgment, an unsworn statement that has not been made under penalty of perjury cannot.

*Id.* at 315.

Both affidavits at issue here do not declare that the affiants' statements were made under the penalty of perjury. Instead, both merely state that the affiants "attest and swear" to the information provided. (Doc. 25-1, at 1; Doc. 25-2, at 1). Therefore, pursuant to *United States* ex rel. *Doe v. Hearth Solution, PC*, the court is unable to consider these affidavits for purposes of summary judgment and the court will grant Plaintiffs' motion to strike the affidavits without prejudice.

Significantly, however, the affidavits at issue are dated February 15, 2019, (Doc. 25-1, at 3; Doc. 25-2, at 4), and the Third Circuit's decision in *United States* ex rel. *Doe* was issued on May 3, 2019. Thus, the affidavits were not improper at the time they were taken, nor when they were filed on February 19, 2019. In light of this, and because the court believes the Giedieviells' affidavits will have a significant effect on the court's resolution of the parties' pending motions for summary judgment, Defendants will be permitted to cure the deficiencies in the affidavits.

Accordingly, for the reasons set forth above, Plaintiffs' motion to strike, (Doc. 26), is **GRANTED without prejudice**. Defendants will be permitted to cure the deficiencies in the affidavits in compliance with *United States* ex rel. *Doe v. Hearth Solution, PC*. An appropriate order will issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: March 26, 2020**
18-1494-01